IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR JAVIER TORRES, SPN #01845057, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2657 |
| SERGEANT MICHAEL McSTRAVICK, *et al.*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Omar Javier Torres (SPN #01845057), is an inmate in custody of the Harris County Jail. Torres has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his arrest by two officers employed by the Houston Police Department ("HPD"). Torres appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## **I.   BACKGROUND**

Public records reflect that Torres is currently in custody at the Harris County Jail, in Houston, Texas, as the result of capital murder charges.[1] Those charges, filed against Torres in cause number 1231154, remain pending in the 248th District Court of Harris County, Texas. Torres does not challenge the validity of those charges, his continued detention, or

---

[1]   *See* Harris County Sheriff's Department, Inmate Information, http://www.hcso.hctx.net/inmateinfo.aspx (last visited July 19, 2011).

the conditions of his confinement. Instead, he has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with an arrest that occurred several years ago.

Torres complains that he was arrested on January 13, 2008, between 2:00 p.m. and 9:00 p.m., by two HPD officers (Sergeant Michael McStravick and Officer Monte J. Kocurek). Torres complains that these officers falsely accused him of burglary of a habitation. As the result of this "false arrest," Torres was placed in the Harris County Jail. Torres reports that the burglary charges were later dismissed on or about January 15, 2008. However, Torres claims that he suffered emotional distress as a result of the incident. He claims that, by filing a false report against him, the defendants conspired to ruin his reputation by "unjustly damaging and defaming" his character.

Liberally construed, Torres contends that the officers made a false arrest in violation of his rights under the Fourth Amendment and that he was falsely imprisoned as a result. Citing damage to his reputation, Torres seeks $4 million from the defendants, HPD, and the City of Houston for the false arrest and defamation of character that he endured. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

Because the plaintiff is incarcerated, the complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and

dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III. DISCUSSION

As outlined above, Torres complains that the defendants violated his civil rights by making a false arrest and by defaming his character. His allegations are actionable, if at all, under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

4

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 452 (5th Cir. 1994)).

Defamation is a tort under Texas law. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law). It is well established that there is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex*., 274 F.3d 269, 277 (5th Cir.

5

2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citing *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) (citation omitted)). To the extent that Torres contends that he was somehow defamed by the defendants, these allegations fail to state a claim under 42 U.S.C. § 1983.

More importantly, Torres' civil rights complaint stems from an arrest that occurred several years ago on January 13, 2008. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

The United States Supreme Court has clarified that the "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091,

1100 (2007). Torres reports that he was arrested on January 13, 2008, and charged with burglary of a habitation. Torres discloses that the charges were dismissed on January 15, 2008. This reflects that Torres was aware of the facts giving rise to his claims in January of 2008, when he was arrested and detained on the charges lodged against him by the defendants.

The complaint in this case was filed on July 12, 2011, which is well outside the two-year limitations period for the allegations that form the basis of the claims.[2] Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Torres waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as frivolous. *See id.*

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**.

2.   Officials in charge of the Inmate Trust Fund are **ORDERED** to deduct funds from the account of Omar Javier Torres (SPN #01845057) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.   The plaintiff's complaint is **DISMISSED** with prejudice as frivolous.

---

[2]   The Clerk's Office received the complaint on July 15, 2011, and it was filed the same day. Under the mail-box rule, courts treat the date that a *pro se* prisoner deposits his pleadings in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). The complaint is dated July 12, 2011, and postmarked July 14, 2011. Using the date most favorable to Torres, the Court considers that the complaint was filed on July 12, 2011.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>July 21</u>, 2011.

Nancy F. Atlas
United States District Judge